This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: February 8, 2021**

**No. S-1-SC-37763**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BRANDON VIGIL,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alisa Hart, District Judge**

Bennett J. Baur, Chief Public Defender
Charles Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

Hector H. Balderas, Attorney General
Jane A. Bernstein, Assistant Attorney General
Santa Fe, NM

for Appellee

**DECISION**

**THOMSON, Justice.**

**{1}** Defendant Brandon Gage Vigil entered into a plea agreement with the State during his trial and pleaded guilty to two counts of first-degree willful and deliberate murder. Defendant was permitted to change his plea to no contest at sentencing, and a written Addendum and Amendment to Plea and Disposition Agreement (Addendum) was produced, signed by the parties, and filed with the court. Under the terms of the agreement, as amended, the district court had the discretion to sentence him to two consecutive terms of life imprisonment, which the district court ultimately did. Defendant

filed a motion asking the district court to reconsider and to run his sentences concurrently rather than consecutively. The district court declined. Defendant attempted to appeal his sentence by direct appeal. *See* N.M. Const. art. VI, § 2 (providing that "an aggrieved party shall have an absolute right to one appeal"). Based on the reasoning that follows, we conclude that Defendant waived his right to direct appeal, but may raise these issues in a habeas proceeding.

**{2}** The plea agreement states that "Defendant specifically waives Defendant's right to appeal as long as the court's sentence is imposed according to the terms of this agreement." Under the terms of the plea agreement, Defendant would receive two "Basic Sentence[s] of LIFE IMPRISONMENT," one for each count of first-degree murder, but the State agreed that it would not seek "aggravation," so Defendant would be eligible for parole after serving either thirty or sixty years (depending on whether the district court ran the two sentences concurrently or consecutively). The district court questioned whether Defendant understood these terms and that he was giving up his right to challenge the constitutionality of his sentence on direct appeal:

> THE COURT: Right. And so do you have an understanding of what you're looking at as far as sentencing, your exposure?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And what is that?
>
> THE DEFENDANT: Thirty to sixty years.
>
> THE COURT: Okay. And with the life imprisonment, do you understand that you will have to serve, at a minimum, [thirty] years in prison?
>
> THE DEFENDANT: Yes.
>
> . . .
>
> [THE COURT:] The Court will have discretion if they run at the same time or if they run separately. That's why it is anywhere from [thirty] to [sixty] as a minimum time in prison. But the State is not seeking life without parole, so you may be eligible for parole. Was that how you understood it?"
>
> THE DEFENDANT: Yes.
>
> . . .
>
> THE COURT: You're giving up your right . . . to appeal any of those convictions, . . . the right to challenge based on any constitutional violations . . . . So are you giving up these rights knowingly and of your own free will?

THE DEFENDANT: Yes, I am.

The Addendum confirmed this understanding and states

> that the [district c]ourt must impose a life sentence on each of the two counts in the plea, and that the only remaining issue for argument and decision by the [district c]ourt is whether such life sentences shall be served concurrently (at the same time) or consecutively (one after the other).

**{3}** The district court also asked Defendant about his understanding of the Addendum:

> THE COURT: Do you feel you have a good understanding of the terms of this amendment that you've signed today?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Okay. Because if – if you don't, I want to know now so we can make sure it's crystal clear. So any – any questions about it and what it means?
>
> THE DEFENDANT: No
>
> . . .
>
> THE COURT: And . . .part of your reason for doing that is because the State is not going to seek any aggravating factors that could have supported a request for life without parole. Is that true?
>
> THE DEFENDANT: Yes.

Defendant understood that the district court was statutorily required to sentence Defendant to two life sentences. *See* NMSA 1978, § 31-18-14 (2009) ("When a defendant has been convicted of a capital felony, the defendant shall be sentenced to life imprisonment or life imprisonment without possibility of release or parole."). Defendant entered into the plea agreement to preserve the possibility that he would eventually be eligible for parole, but agreed that the district court had the discretion to run his two sentences consecutively. Defendant voluntarily, knowingly, and intelligently waived his right to of appeal.

**{4}** "[A] defendant who knowingly, intelligently, and voluntarily pleads guilty [or no contest], waives the right to appeal his conviction and sentence," also waives the "right to challenge the constitutionality of his sentence on [direct] appeal" under the Eighth Amendment and Article II, Section 13. *State v. Chavarria*, 2009-NMSC-020, ¶¶ 14-16, 146 N.M. 251, 208 P.3d 896.

**{5}** Defendant argues that *Chavarria* has been called into question by *State v. Rudy B.*, 2010-NMSC-045, ¶ 12, 149 N.M. 22, 243 P.3d 726, and should be overruled. Defendant misconstrues *Rudy B. Rudy B.* approved of the holding in *Chavarria*, and reiterated that a defendant may waive the right to appeal the constitutionality of a sentence without divesting "an appellate court of jurisdiction to entertain that appeal." 2010-NMSC-045, ¶ 12 (stating that *Chavarria* "illustrate[s] the well-established principle that a voluntary plea of guilty or *nolo contendre* ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds" (internal quotation marks and citation omitted)). Defendant's argument that *Chavarria* has been called into question and should be overruled lacks merit.

**{6}** Defendant could have reserved his right to appeal any sentence that was imposed; he did not. *See* Rule 5-304(A)(2) NMRA (providing that "a defendant may enter a conditional plea of guilty or no contest, reserving in writing the right" to contest a specific issue on appeal); *Chavarria*, 2009-NMSC-020, ¶ 17. Defendant nonetheless moved the district court to reconsider his sentence based in part on the assertion that "[t]he imposition of a [sixty] year sentence to a [twenty] year old man constitutes cruel and unusual punishment." However, Defendant did not develop a constitutional argument beyond this assertion. The district court denied the motion to reconsider. Still, Defendant may pursue an "alternative avenue of relief" through filing a habeas petition as provided by rule and statute. *Chavarria*, 2009-NMSC-020, ¶ 17; *see also* NMSA 1978, § 31-11-6 (1966) (providing for a post-conviction motion on the grounds that "the sentence was imposed in violation of the constitution of the United States, or of the constitution or laws of New Mexico"); Rule 5-802(A) NMRA (providing "the procedure for filing a writ of habeas corpus by persons in custody or under restraint for a determination that such custody or restraint is, or will be, in violation of the constitution or laws of the State of New Mexico or of the United States; that the district court was without jurisdiction to impose such sentence; or that the sentence was illegal or in excess of the maximum authorized by law or is otherwise subject to collateral attack"). We further observe that Defendant did not make a record to support his argument that he was sentenced without a proper individualized review concerning his developmental maturity and amenability to rehabilitation, although such evidence may be properly developed in a petition for a writ of habeas corpus.

**{7}** Defendant voluntarily, knowingly, and intelligently waived his right to direct appeal. We therefore dismiss this appeal without prejudice to any relief Defendant may seek pursuant to a petition for a writ of habeas corpus.

**{8}** **IT IS SO ORDERED.**

**DAVID K. THOMSON, Justice**

**WE CONCUR:**

**MICHAEL E. VIGIL, Chief Justice**

**BARBARA J. VIGIL, Justice**

**C. SHANNON BACON, Justice**